AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

United States of America )
v. )
) Case No.
)
)
GEORGE DAOUD )
*Defendant(s)*

FILED
12 JAN 27 AM 9:35
MICHAEL R. MERZ
UNITED STATES
MAGISTRATE JUDGE

3:12mj-028
MICHAEL R. MERZ

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of _____ in the _____ Southern District of _____ Ohio _____, the defendant(s) violated:

*Code Section*          *Offense Description*

SEE ATTACHMENT "A"

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA GREGORY E. ENGELHARD, USDA-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 27, 2012

_____
*Judge's signature*

City and state:    DAYTON, OHIO      MAGISTRATE JUDGE MICHAEL R. MERZ
*Printed name and title*

## ATTACHMENT "A"

### COUNT 1
### 18 U.S.C. § 371
### (CONSPIRACY)

1. From on or about May 29, 2007, and continuing through on or about January 27, 2012, both dates being approximate and inclusive, while in the Southern District of Ohio and elsewhere, the defendant **GEORGE DAOUD**, together with other individuals, both known and unknown, did knowingly, willfully and unlawfully combine, conspire, confederate, and agree between themselves, to accomplish a common unlawful plan to commit certain offenses against the United States to include:

   a. Trafficking in counterfeit goods and services in violation of 18 U.S.C. § 2320(a);

   b. Trafficking in contraband cigarettes in violation of 18 U.S.C. § 2342; and

   c. Illegally acquiring, possessing and using United States Department of Agriculture (USDA) supplemental nutrition assistance program (SNAP) benefits in violation of 7 U.S.C. § 2024(b).

### OBJECTS OF THE CONSPIRACY

2. It was an object of this conspiracy for the conspirators to knowingly and with intent to defraud, engage in a scheme to obtain, sell and distribute counterfeit goods and services and contraband cigarettes by means of false statements, representations and promises all of which impacted interstate commerce.

3. It was further an object of this conspiracy for the conspirators to illegally acquire, possess and use SNAP benefits obtained through electronic benefit transfer (EBT) food stamp access devices issued to Federal Food Stamp Program recipients, a program administered by the USDA's Food and Nutrition Service (FNS) together with the Ohio Department of Job and Family Services (ODJFS).

4. It was further an object of this conspiracy for the conspirators to conceal, disguise and insulate their respective roles in carrying out the aforesaid criminal scheme.

## THE MANNER AND MEANS OF THE CONSPIRACY

5. During all times relevant to Count One, the defendant **GEORGE DAOUD** together with others, both known and unknown, unlawfully acquired, possessed and resold counterfeit goods and services under false pretenses.

6. During all times relevant to Count One, the defendant **GEORGE DAOUD**, together with others, both known and unknown utilized the business premises, bank accounts and employees of MAIN EXPRESS FOOD MART of 201 East Main Street, Fairborn, Ohio 45234 to unlawfully acquire, possess and resell counterfeit goods and services under false pretenses.

7. During all times relevant to Count One, the defendant **GEORGE DAOUD**, together with others, both known and unknown utilized the business premises, bank accounts and employees of MAIN EXPRESS FOOD MART to unlawfully acquire, possess and use USDA EBT food stamp benefits access devices.

## REPRESENTATIVE OVERT ACTS OF THE CONSPIRACY

8. In furtherance of this conspiracy, and to effect the objects thereof, at least one conspirator knowingly committed one or more of the below listed overt acts while in the Southern District of Ohio:

### OVERT ACTS

a. Between on or about May 29, 2007, and continuing through on or about January 27, 2012, the defendant **GEORGE DAOUD** operated and managed the MAIN EXPRESS FOOD MART of 201 East Main Street, Fairborn, Ohio 45234.

b. On or about March 30, 2011, the defendant **GEORGE DAOUD** while operating the MAIN EXPRESS FOOD MART knowingly, willfully and unlawfully provided $100 in U.S. currency together with a 12-pack of Bud Lite Beer in exchange for $226.64 in food stamp benefits.

c. On or about March 30, 2011, the defendant **GEORGE DAOUD** while operating the MAIN EXPRESS FOOD MART knowingly, willfully and unlawfully sold certain stolen tobacco products to a patron having a legitimate retail value of approximately $637 in exchange for $200 in U.S. currency.

d. On or about April 20, 2011, the defendant **GEORGE DAOUD** while operating the MAIN EXPRESS FOOD MART knowingly, willfully and unlawfully provided $600 in U.S. currency together with certain drug paraphernalia, to wit five (5) glass pipes commonly used to smoke crack cocaine, in exchange for $1,446 in food stamp benefits.

e. On or about July 8, 2011, the defendant **GEORGE DAOUD** while operating the MAIN EXPRESS FOOD MART knowingly, willfully and unlawfully provided $175 in U.S. currency in exchange for $500 in food stamp benefits.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## 18 U.S.C. 1343
### (Wire Fraud)

9. On or about April 20, 2011, while in the Southern District of Ohio, having devised a scheme and artifice to defraud the USDA food stamp program of money and property by means of false and fraudulent pretenses, representations and promises, by unlawfully acquiring, possessing and using EBT food stamp benefits access devices, the defendant **GEORGE DAOUD**, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud did knowingly transmit from a point of sale device located at the MAIN EXPRESS FOOD MART of 201 East Main Street, Fairborn, Ohio 45234 by means of wire communications, certain signs, signals and sounds, an EBT food stamp benefit access device current balance inquiry to a central data base maintained at the ACS State & Local Solutions, Inc.'s National Retail Management Center located in Austin, Texas.

In violation of Title 18, United States Code, Section 1343.

## COUNT 3
## 7 U.S.C. § 2024(b)
### (Unauthorized Use and Possession of Federal Food Stamp Access Devices)

10. On or about April 20, 2011, in the Southern District of Ohio, defendant **GEORGE DAOUD,** did knowingly acquire, possess and use a USDA EBT food stamp benefits access device as defined by 7 U.S.C. § 2012 (a) and (i), each having a value in excess of $100, in a manner not authorized by 7 U.S.C., Chapter 51 and the regulations issued pursuant thereto (7 C.F.R. §§ 271-285), in that he knowingly and unlawfully purchased said EBT food stamp benefits access device for approximately $600 together with other consideration, and thereafter used said device to unlawfully acquire various food items and other commodities.

In violation of Title 7, United States Code, Section 2024(b).

# AFFIDAVIT

The Affiant, Gregory E. Engelhard, being first duly cautioned and sworn under oath, makes the following statement:

1. Your Affiant is a Special Agent with the United States Department of Agriculture (USDA), Office of Inspector General and has been so employed since March, 2005. Your Affiant possesses a Bachelor's degree, a Master's degree and is a graduate of the Federal Law Enforcement Training Center, Glynco, GA, with 17 years law enforcement experience as both a police officer and special agent. Your Affiant's duties as a Special Agent with the USDA, include the participation in investigations of offenses involving Food Stamp and Women, Infant and Children (WIC) benefits fraud, money laundering, embezzlement, food stamp trafficking and other financial crimes; as well as organized animal fighting operations. As a Special Agent of the USDA, your Affiant has received specialized training regarding financial crimes, specifically the use of access devices, wire fraud schemes and money laundering violations.

2. Your Affiant is currently participating in a joint criminal investigation with the United States Secret Service (USSS) and the Ohio Department of Public Safety (ODPS) Investigative Unit pertaining to the Unauthorized Use, Transfer, Acquisition, Alteration, or Possession of Food Stamp Benefits, in violation of 7 U.S.C. § 2024 (b) and (c); Conspiracy, in violation of 18 U.S.C. § 371; Theft of Public Money, in violation of 18 U.S.C. § 641; Access Device Fraud, in violation of 18 U.S.C. § 1029; Wire Fraud, in violation of 18 U.S.C. § 1343; and Money Laundering, in violation of 18 U.S.C. § 1956 and/or 1957.

3. This affidavit is based on your Affiant's personal knowledge and information obtained from documents, witnesses and other law enforcement agents involved in this investigation. The information contained in this affidavit is provided for the purpose of establishing sufficient evidence

to obtain an arrest warrant for GEORGE DAOUD the defacto proprietor of MAIN EXPRESS FOOD MART, 201 East Main Street, Fairborn, Ohio 45324.

## Food Stamp Program Background

4. The Supplemental Nutrition Assistance Program (SNAP), formerly known as the Food Stamp Program, is a federally funded, national program jointly administered by the United States Department of Agriculture (USDA) Food and Nutrition Service (FNS) and various state agencies. In Ohio, the program is administered by the Ohio Department of Job and Family Services (ODJFS). In 2001, FNS changed the format of SNAP benefits from a traditional paper coupon system to an Electronic Benefit Transfer (EBT) card system. Stores approved by FNS to participate in the SNAP Program are issued a SNAP authorization number. To access the electronic funds tied to the EBT card, authorized vendors are also provided with a point of sale device (POS). The POS communicates with a central database to debit recipients' available SNAP balance for the cash value of eligible food items purchased. To administer federal program benefits, the ODJFS uses an on-line (magnetic card) EBT system. On-line systems use existing card technology developed by financial institutions and credit card companies. ODJFS provides a plastic EBT card to SNAP recipients with an embedded magnetic strip containing basic information necessary to make food purchases. At an authorized vendor, the recipient swipes the card through the POS and enters a personal identification number (PIN) into a POS terminal. The terminal communicates with a central database that maintains recipient account balance information. The central database verifies the amount of benefits available, authorizes the transaction and deducts the purchase amount from the recipient's available balance. The system also calculates cumulative SNAP sales for each retailer and authorizes electronic payments to the retailer's bank account. Pursuant to the Food and Nutrition Act, recipients

are permitted to exchange SNAP benefits only for eligible food items. SNAP transactions are completed via use of an EBT card and purchases may only occur at stores authorized by FNS to accept SNAP benefits. By law, SNAP benefits cannot be exchanged or redeemed for cash or ineligible items, 7 U.S.C. § 2024 (b) and (c). Authorized stores may accept SNAP benefits for sales of eligible food items only. They may not accept benefits in exchange for items such as alcoholic beverages, tobacco, vitamins, medicine, pet foods, cleaning products or cash.

5. The evidence obtained throughout this investigation indicates that there is probable cause to believe that beginning in August 2010 and continuing to the present, GEORGE DAOUD and his spouse LAMA DAOUD, as the officers/owners, manager(s), employee(s), and/or agents of MAIN EXPRESS FOOD MART, have illegally acquired and redeemed federal government food stamp benefits in exchange for ineligible items, to include drug paraphernalia, cash and (1) one motor vehicle. Additional information indicates that GEORGE DAOUD willingly accepts an assortment of stolen merchandise at MAIN EXPRESS FOOD MART, to include stolen tobacco products for resale at current retail value.

## Evidence in Support of Criminal Complaint

### Main Express Food Mart Business Background

6. On or about May 29, 2007, Store Owner LAMA DAOUD, completed and submitted a "USDA-SNAP Application For Stores" for MAIN EXPRESS FOOD MART, 201 East Main Street, Fairborn, Ohio 45234, to the USDA Food and Nutrition Service (FNS). The application lists LAMA DAOUD as the owner and president of MAIN EXPRESS FOOD MART. By completing and signing the "USDA-SNAP Application For Stores" LAMA DAOUD, a licensed vendor, agrees to be held liable for all actions of her employees regarding the Food Stamp Program, including all acts

3

of fraud and trafficking. During the Supplemental Nutrition Assistance Program (SNAP) authorization process, the Food and Nutrition Service provided DAOUD with an on-site visit and proper training manuals to ensure program compliance. LAMA DAOUD currently employs her husband, GEORGE DAOUD as store manager of MAIN EXPRESS FOOD MART. GEORGE DAOUD runs the day-to-day operations at MAIN EXPRESS FOOD MART and assumes partial financial responsibility of the business.

7. On or about July 15, 2009, a free business checking account, titled GEOLAM INC, DBA - MAIN EXPRESS FOOD MART LOTTERY ACCOUNT was opened at PNC Bank. The account number was \*\*\*\*\*\*0482 and the business signature card lists Signer #1 as GEORGE J DAOUD, title - V.P. and Signer #2 as LAMA DAOUD, title - President.

8. PNC Bank records show MAIN EXPRESS FOOD MART receiving SNAP/EBT redemptions/deposits to the designated account described in paragraph 8 from July 2009 to present.

### Investigative Sources

9. Your Affiant has learned and verified that MAIN EXPRESS FOOD MART store manager, GEORGE DAOUD allows food stamp benefits to be exchanged for the purchase of ineligible items, to include cash. DAOUD further extends credit to food stamp recipients, with balances later reconciled using EBT benefits. This information has been confirmed by one separate confidential source, whom has provided information to law enforcement in the past proven to be reliable and trustworthy, and one law enforcement officer, acting in an undercover capacity that has successfully completed numerous transactions with GEORGE DAOUD directly.

### Undercover Activity/Illegal Transfer and Redemption of Benefits

10. On March 24, 2011, a reliable confidential informant exchanged $24.78 in food stamp benefits for a model car kit and sold purported stolen tobacco products and miscellaneous over-the-

4

counter items, with a legitimate retail value $307.96 in exchange for $104 U.S. currency. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

11. On March 30, 2011, a reliable confidential informant exchanged $226.64 in food stamp benefits for $100 U.S. currency and one 12 pack of Bud Light beer. The confidential informant also sold purported stolen tobacco products, with a legitimate retail value of $637 in exchange for $200 U.S. currency. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

12. On April 7, 2011, a reliable confidential informant exchanged $1,549.52 in food stamp benefits for $500 U.S. currency and sold purported stolen tobacco products, with a legitimate retail value of $550 in exchange for $220 U.S. currency. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

13. On April 20, 2011, a reliable confidential informant exchanged $1,446 in food stamp benefits for $600 U.S. currency and drug paraphernalia, specifically five (5) glass pipes, commonly used to smoke crack cocaine. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

14. On May 4, 2011, a reliable confidential informant exchanged $2,100 in food stamp benefits for $800 U.S. currency and drug paraphernalia, specifically thirty (30) glass pipes, commonly used to smoke crack cocaine. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

15. On May 9, 2011, a reliable confidential informant exchanged $700 in food stamp benefits for $300 U.S. currency and sold a purported stolen Philips 19" LCD TV, with a legitimate retail

value of $219 in exchange for $50 U.S. currency. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

16. On May 19, 2011, a reliable confidential informant exchanged $2,056.17 in food stamp benefits as partial payment for a 2001 Buick LeSabre 4-door. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

17. On May 23, 2011, a reliable confidential informant accompanied by an undercover agent, met GEORGE DAOUD at MAIN EXPRESS FOOD MART and traveled to Auto Plus Sales and Service, 864 North Main Street, Dayton, Ohio to complete title paperwork regarding the sale of the 2001 Buick LeSabre. This transaction was completed with the assistance of JOSEPH DAOUD, reported owner of Auto Sales Plus and brother of GEORGE DAOUD.

18. On May 31, 2011, a reliable confidential informant exchanged $2,000 in food stamp benefits as continuing payment for the 2001 Buick LeSabre sold on May 19, 2011. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

19. On June 16, 2011, a reliable confidential informant accompanied by an undercover agent exchanged $2,210 in food stamp benefits as continuing payment for the 2001 Buick LeSabre sold on May 19, 2011. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

20. On June 28, 2011, a reliable confidential informant accompanied by an undercover agent exchanged $2,296 in food stamp benefits as continuing payment for the 2001 Buick LeSabre sold on May 19, 2011. This transaction was completed at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

21. On July 8, 2011, an undercover agent exchanged $500 in food stamp benefits for $175 U.S. currency at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

22. On August 4, 2011, an undercover agent exchanged $1,000.92 in food stamp benefits for $450 U.S. currency at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

23. On August 22, 2011, an undercover agent exchanged $874.32 in food stamp benefits for $350 U.S. currency at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

24. On October 4, 2011, an undercover agent exchanged $1,000.12 in food stamp benefits for $375 U.S. currency at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

25. On December 7, 2011, an undercover agent exchanged $599 in food stamp benefits for $250 U.S. currency at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

26. On December 16, 2011, your Affiant accompanied by additional law enforcement personnel removed discarded garbage left at the end of the driveway to 6565 Munger Road, Dayton, Ohio. Upon review of the discarded items, your Affiant retrieved business banking information addressed to GEOLAM INC dba MAIN EXPRESS FOOD MART, 6565 Munger Road, Dayton, Ohio 45459. Additional correspondence addressed to both GEORGE and LAMA DAOUD was located with 6565 Munger Road, Dayton, Ohio 45459 listed as their primary residence.

27. On December 23, 2011, your Affiant accompanied by additional law enforcement personnel removed discarded garbage left at the end of the driveway to 6565 Munger Road, Dayton, Ohio. Upon review of the discarded items, your Affiant retrieved business banking information addressed to GEOLAM INC dba MAIN EXPRESS FOOD MART, 6565 Munger Road, Dayton, Ohio 45459. Additional correspondence originating oversees addressed to GEORGE DAOUD was located with 6565 Munger Road, Dayton, Ohio 45459 listed as their primary residence.

28. On January 4, 2012, an undercover agent exchanged $2,224.53 in food stamp benefits for $460 U.S. currency and (11) eleven half-gram containers of bath salts at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

29. On January 13, 2012, an undercover agent exchanged $1,665.20 in food stamp benefits for $600 U.S. currency at MAIN EXPRESS FOOD MART with store manager GEORGE DAOUD.

30. Between March 2011 and January 2012, a reliable confidential informant and one law enforcement officer were used during the undercover phase of this investigation and successfully completed numerous fraudulent food stamp transactions involving the illegal sale of EBT cards, to MAIN EXPRESS FOOD MART store manger GEORGE DAOUD in exchange for ineligible items to include drug paraphernalia, cash and a motor vehicle. During the aforementioned time period, the confidential informant and law enforcement officer conducted in excess of 20 undercover transactions during which MAIN EXPRESS FOOD MART store manager GEORGE DAOUD purchased in excess of $22,473.20 in food stamp benefits via EBT cards.

31. EBT cards illegally sold to GEORGE DAOUD during the undercover phase of this investigation were normally maintained by DAOUD for several days in order to gradually reduce benefits associated with the card. EBT cards used on-site at MAIN EXPRESS FOOD MART were redeemed for direct profit through the business bank checking account held at PNC Bank in the name of GEOLAM INC dba MAIN EXPRESS FOOD MART, GEORGE and LAMA DAOUD. Additional EBT transactions were completed at retailer locations in the Centerville and Miamisburg, Ohio areas, in close proximity to the DAOUD residence, 6565 Munger Road, Dayton, Ohio 45459. Your Affiant has confirmed that the DAOUD's are illegally possessing and using the EBT cards to make purchases of eligible food items for inventory at MAIN EXPRESS FOOD MART and for

direct profit through the MAIN EXPRESS FOOD MART business bank account. Every EBT card illegally purchased by GEORGE DAOUD was either fully redeemed, partially redeemed or had a balance inquiry conducted at MAIN EXPRESS FOOD MART'S EBT POS (described in paragraph 4).

32. Through surveillance techniques and billing information, your Affiant and other law enforcement personnel have confirmed that both GEORGE and LAMA DAOUD currently reside at 6565 Munger Road, Dayton, Ohio 45459. Additionally, GEORGE and LAMA DAOUD have been observed arriving and departing the listed residence in a 1992 Mercedes-Benz and 2002 Lexus SUV. These vehicles are subsequently registered to LAMA DAOUD at the provided address of 6565 Munger Road, Dayton, Ohio 45459. Information obtained throughout this investigation further indicates that GEORGE DAOUD has strong business ties in the Middle East and London, as he regularly receives oversees correspondence at his residence located at 6565 Munger Road, Dayton, Ohio 45459.

33. Your Affiant has observed and currently believes that GEORGE and LAMA DAOUD are currently using MAIN EXPRESS FOOD MART, 201 East Main Street, Fairborn, Ohio 45324, and their residence located at 6565 Munger Road, Dayton, Ohio 45459, to illegally possess and conceal EBT cards and criminal cash proceeds resulting from trafficking food stamp benefits.

### Affiant's Training and Experience

34. Based upon your Affiant's training, experience with participation in other criminal investigations, including those involving fraud and the Food Stamp and WIC programs, and knowledge given to me by other law enforcement personnel and Agents, your Affiant believes:

    a. That retail grocery stores maintain books and records in the normal course of business. These books and records relate to a business cycle, usually a year in time. Retail

9

grocery stores also maintain inventory controls identifying beginning and ending inventories relating to a business cycle. These books and records are normally maintained at the business or residence of the business owner and/or managing business employees.

b. That individuals involved in food stamp and WIC trafficking and related activities need to convert large amounts of currency into a more legitimate appearing form. To accomplish this goal, money launderers utilize various types of financial institutions, including, but not limited to, banks, securities dealers, check cashing institutions, currency exchange houses, companies offering wire transfer services and hawalas (an informal value system based on the performance and honor of a huge network of money brokers, which are primarily located in the Middle East, North Africa, the Horn of Africa, and south Asia). Hawalas provide an alternative remittance system that exists or operates outside of, or parallel to traditional banking or financial channels.

c. That it is common for individuals involved in food stamp and WIC trafficking and related activities to keep books, records, ledgers, notes, receipts, etc., relating to the acquisition, movement, conversion, secreting, transfer and disbursement of food stamps, WIC benefits and/or currency.

d. That individuals involved in food stamp and WIC trafficking and related activities conceal food stamp EBT cards, WIC benefits, currency, cashier's checks, money orders, other negotiable instruments as well as the records pertaining to credit extended to customers and other records that are identified above relating to the acquisition, conversion, movement, secreting, transfer and disbursement of these monetary instruments in their residences, businesses, and other locations to which access is controlled by them.

e. That it is common for individuals involved in food stamp and WIC trafficking and related activities to maintain lists of names, addresses, and/or telephone numbers of their customers and associates in their organization, in books or papers.

f. That it is common for individuals involved in food stamp and WIC trafficking and related activities to transfer the food stamps EBT cards and WIC vouchers to affiliated stores to mislead investigators as to the magnitude of the trafficking occurring at that place of business.

g. That those individuals commonly keep within their place of business and residence, business and financial records which are maintained for extended periods of time, even up to several years, for daily and long term references for business decisions and operational needs as well as preparation of tax documents.

h. That records of personal expenditures and income, which are normally kept at private residences, reflect the amount and disposition of the proceeds of the criminal activity.

**Conclusion**

35. Based upon the evidence within this affidavit your Affiant respectfully submits there is probable cause to believe that GEORGE DAOUD has committed various violations of federal law to include: Unauthorized Use, Transfer, Acquisition, Alteration, or Possession of Food Stamp Benefits, 7 U.S.C. § 2024 (b) and (c); Conspiracy, in violation of 18 U.S.C. § 371, Theft of Public Money, in violation of 18 U.S.C. § 641; Access Device Fraud, in violation of 18 U.S.C. § 1029; Wire Fraud, in violation of 18 U.S.C. § 1343; and Money Laundering, in violation of 18 U.S.C. § 1956 and/or 1957.

36. Wherefore, I respectfully request the issuance of an arrest warrant for GEORGE DAOUD based on the facts and circumstances set forth in this supporting affidavit.

FURTHER AFFIANT SAYETH NOT.

Gregory E. Engelhard, Special Agent
USDA Office of Inspector General

Sworn and subscribed to before me this 27th day of January 2012.

MICHAEL R. MERZ
UNITED STATES MAGISTRATE JUDGE

12