**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. **3:12-CR-021(1)** |
| | : | |
| **v.** | : | **JUDGE THOMAS M. ROSE** |
| | : | |
| **GEORGE J. DAOUD,** | : | **GOVERNMENT'S SENTENCING** |
| | : | **MEMORANDUM** |
| **Defendant.** | : | |

-------------------------------------------------------

The United States by and through the undersigned counsel respectfully submits the following Sentencing Memorandum for this Honorable Court's review and consideration prior to the scheduled March 22, 2013 final sentencing hearing in the above captioned case.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney
Attorney for Plaintiff
Federal Building
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Dwight.Keller @usdoj.gov

1

# I.
## INTRODUCTION

On January 27, 2012, U.S. Magistrate Judge Michael R. Merz issued an arrest warrant for the defendant **GEORGE J. DAOUD** based upon the sworn complaint of Special Agent Gregory E. Engelhard, of the U.S. Department of Agriculture, Office of Inspector General. On February 15, 2012, the Grand Jury indicted the defendant in a 92-Count indictment alleging one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); 44-counts of wire fraud in violation of 18 U.S.C. § 1343; 45-counts of unauthorized use, transfer and possession of food stamp access devices in violation of 7 U.S.C. § 2024(b); and one count of theft of government property in violation of 18 U.S.C. § 641. The indictment included a variety of forfeiture allegations. On October 16, 2012, the defendant plead guilty to Counts 1, 46 and 92 of said indictment pursuant to a written plea agreement. Paragraphs 4 and 5 of the said plea agreement stipulate that the defendant will pay a $125,000 forfeiture money judgment, and an additional $125,000 in restitution. This memorandum discusses the appropriateness of such provisions as applicable to this case.

# II.
## DISCUSSION

Forfeiture and restitution serve different purposes and are not mutually exclusive. Forfeiture is measured by the gain to the defendant; restitution is measured by the victim's loss. *United States v. Navarrete*, 667 F.3d 886, 887-88 (7th Cir. 2012); *United States v. Browne*, 505 F.3d 1229, 1281 (11th Cir. 2007). *See United States v. O'Connor*, 321 F.Supp. 2d 772, 729 (E.D. Va. 2004) (forfeiture and restitution serve different purposes; "forfeiture generally serves to remove from an offender the fruits and instrumentalities of his crime, and thereby provides a powerful disincentive to commit the crime in the first instance"; restitution serves primarily to compensate the victim);

*United States v. Calloway*, 2008 WL 3992156, *2 (W.D.N.C. Aug. 27, 2008) (contrasting forfeiture and restitution; forfeited property belongs to the Government; a restitution order puts the Government in the role of a collector for the victims; the Government may apply forfeited funds to restitution but need not do so).

Because they serve different purposes and are determined in different ways, the amount of forfeiture and the amount of restitution often will not be the same. For example, in *Navarrete*, the Seventh Circuit explained how, in a commercial bribery case, the defendant may be required to forfeit a substantial sum of money as the proceeds of sales he would not have made but for the payment of a bribe, while in the same case the victim's loss - and hence the restitution order - may be much less, because the victim may have paid roughly the same amount of money to a competitor for the same product regardless of the bribe, *Untied States v. Navarrete*, 667 F.3d 889-90.

Restitution and forfeiture are both mandatory. Thus, as a general rule, a defendant is not entitled to an offset against a restitution order to reflect the amount forfeited, or vice versa. *United States v. Alalade*, 204 F.3d 536, 540-41 (4th Cir. 2000) (under the Mandatory Victims Restitution Act, the defendant is not entitled to an offset against the restitution order for the value of the fraud proceeds that the Government forfeited administratively). *See United States v. Navarrete*, 667 F.3d at 888 (restitution and forfeiture are cumulative; that are "a form of punitive damages piled on top of other penalties for the defendant's crime"); *United States v. Newman*, 659 F.3d 1235, 1241-43 (9th Cir. 2011) (because forfeiture and restitution serve different purposes - one for punishment, the other to make the victim whole - the defendant must pay both; "the district court may not reduce forfeiture because of an order of restitution to a victim or because the victim already has been made whole); *United States v. Pescatore*, 637 F.3d 128, 137 (2nd Cir. 2011) (forfeiture and restitution are

separate remedies with different purposes; defendant was not entitled to have the Government apply $2.5 million in forfeited funds to a $3 million restitution order); *United States v. McGinty*, 610 F.3d 1242, 1247-48 (10th Cir. 2010) (forfeiture and restitution serve different purposes and both are mandatory; ordering a defendant to pay a money judgment equal to the proceeds of his offense and to pay restitution to his victim is not unfair) (collecting cases).

Finally, forfeiture is not limited to property that is found in the defendant's possession at the time or his arrest or conviction. To the contrary, a forfeiture order may take the form of a judgment for a sum of money. The Fourth Circuit adopted that rule long ago in *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir. 1986), and all of the recent cases from other circuits have followed suit. *See United States v. Newman*, 659 F.3d at 1242-43 (forcing defendants to disgorge their ill-gotten gains, "even those already spent," ensures that defendants do not benefit from their crimes; when the Government seeks a money judgment, the district court's only role, under Rule 32.2(b), is to determine the amount of money that the defendant will be ordered to pay); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (expressly rejecting the argument that a forfeiture order must order the forfeiture of specific property; as an in personam order, it may take the form of a judgment for a sum of money equal to the proceeds the defendant obtained from the offense, even if he no longer has those proceeds, or any other assets, at the time he is sentenced; such a construction of the statute is consistent with the mandatory nature of criminal forfeiture and the provision in section 853 directing courts to liberally construe its provisions to effectuate their remedial purposes); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) ("the Government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction"; it is entitled to a money judgment whether the defendant has the forfeited proceed, or

any other assets, in his possession at all); *United States v. Casey*, 444 F.3d 1071, 1076-76 (9th Cir. 2006) (same); *United States v. Day*, 524 F.3d 1361, 1378 (D.C. Cir. 2008) (same, following *Vampire Nation* and *Hall*; *United States v. Awad*, 598 F.3d 76, 79 (2d Cir. 2010) (same, following all other circuits; contrary interpretation would create an incentive for criminals to spend their proceeds to avoid forfeiture); *United States v. McGinty*, 610 F.3d 1242, 1246 (10th Cir. 2010) (same, joining all other circuits and collecting cases); *United States v. Grose*, ___ Fed. Appx. __, 2012 WL 581218, *18 (10th Cir. Feb. 23, 2012) (following *McGinty*; that defendant lost the proceeds of his wire fraud offense in a subsequent bad investment does not excuse him from liability for a money judgment any more than if he'd spent the money on wine, women and song).

Accordingly, it is common place in criminal cases for the court to enter a forfeiture order in the form of a personal money judgment against the defendant for the amount of money he obtained in the course of committing his particular offense, while also ordering the defendant to pay restitution to the victim for the amount of the victim's loss. Both orders remain in effect until fully satisfied. *See United States v. Navarrete*, 667 F.3d at 887-88 (like a restitution order, a forfeiture order is an *in personam* judgment that remains in effect until satisfied; if defendant earns money after his release from prison, he may be able to pay both debts). But the Government may, with the consent of the Attorney General, agree to apply any forfeited funds to satisfy the restitution order if the defendant lacks sufficient resources to pay both. *See United States v. Martin*, 662 F.3d 301, 309 n.14 (4th Cir. 2011) (noting that § 853(I) authorizes the Attorney General to use forfeited funds for restitution to victims); *United States v. Pescatore*, 637 F.3d 128, 131 (2d Cir. 2011) (the U.S. Attorney may "recommend" that forfeited funds be applied to restitution, but final decision rests with the Attorney General; the Department of Justice did not abuse the discretion Congress gave to

the Attorney General in 18 U.S.C. § 981(e)(6) when it denied an AUSA's recommendation on the ground that the defendant had sufficient assets to pay the restitution order out of his own funds); *United States v. Newman*, 659 F.3d at 1241 n.5 (noting that the Government explained its policy of giving priority of restitution if the defendant has insufficient funds to pay both).

## III.
## CONCLUSION

In accordance with the provision of paragraph 5 of the plea agreement and the Mandatory Restitution Act of 1996, 18 U.S.C. § 3663A(c)(1), the United States respectfully requests that this Honorable Court impose $125,000 in restitution as part of the defendant's sentence. This restitution amount is legally and factually separate and distinct from the $125,000 forfeiture money judgment referenced in paragraph 4 of said plea agreement, which has been previously tendered by the defendant.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney
Attorney for Plaintiff
Federal Building
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Dwight.Keller@usdoj.gov

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the above motion was electronically served upon defense counsel of record via the ECF system this 20th[th] day of February, 2013.

s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney