**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**United States of America,**

    *Plaintiff*,

v.                                                        **Case No. 3:12-cr-021**
                                                               **Judge Thomas M. Rose**

**George Daoud,**

    *Defendant*.

---

**ENTRY AND ORDER RESOLVING OBJECTIONS TO THE PRESENTENCE REPORT.**

---

Pending before the Court are Defendant's objections to a Presentence Report. The Presentence Report states:

> In regard to Counts 1 and 46, the parties stipulated, as a part of the Rule 11(c)(1)(C) agreement, that Daoud would pay a $125,000 forfeiture money judgment in lieu of restitution. Daoud satisfied the money judgment on November 13, 2012.
>
> In regard to Count 92, which involved Daoud fraudulently receiving unemployment benefits, restitution is owed in the amount of $28,275.

PSR at 32, ¶¶ 153-54.

The government made no objections to the presentence report. Addendum to PSR at 1.

1

Defendant, however, objected, asserting that the $125,000 forfeiture money judgment was intended to take into consideration any and all restitution obligations regarding Daoud's three counts of conviction. Id. The government offered no response to this objection. Id.

The probation officer responded:

> The probation officer concluded that the plea agreement between the parties is inconsistent and contradictory in regard to the matter of restitution.
>
> Specifically, paragraph 4 of the agreement, which outlines the specific Rule 11(c)(1)(C) provisions of the binding plea agreement, makes no mention of restitution as part of the $125,000 money judgment. However, paragraph 5 of the agreement indicates "payment of restitution in the amount of $125,000 will be included as part of the judgment of conviction."

Id. at 2.

The Court convened a hearing to resolve Defendant's objection. At the hearing, the Government took a position, now arguing that both Defendant and the Probation Officer's positions were incorrect, and positing that Defendant should be required to pay $125,000 in restitution and forfeit $125,000.[1]

The government bases its current position on inconsistencies in the plea agreement referred to by the probation officer. The Plea Agreement executed between the parties refers in paragraph 4 to a $125,000 "forfeiture money judgment," while paragraph 5 refers to "restitution" in the amount of $125,000:

> 4. The parties agree to recommend to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the following sentencing components are deemed appropriate parts of a fair and just disposition in this case, to wit: imposition of a period of incarceration not to exceed 36 months in duration, three years of supervised release, *forfeiture money judgment* in the amount of $125,000 payable in full to the U.S. Secret Service not later than 21 days following the

---

[1] The Court's decision today obviates the need to determine whether the government waived its ability to object to the PSR. See *United States v. Stafford*, 258 F.3d 465, 475-76 (6th Cir.2001) (A failure to timely object to findings and recommendations in a PSR may result in a waiver of any argument as to the inaccuracy of the report).

entering of the Defendant's guilty pleas, no fine, and payment of the $300 in special assessments.

5. The parties further understand and agree that the Court is bound by the recommendations contained in paragraph 4 upon its acceptance of this Agreement. The Defendant further understands that: (1) the Court may accept this Agreement, reject it, or defer a decision until the Court has reviewed the pre-sentence investigation report; (2) if the Court accepts this Agreement, a period of incarceration not to exceed 36 months in duration, and payment of *restitution* in the amount of $125,000 will be included as part of the judgment of conviction; (3) if the Court rejects this Agreement, the Defendant will have an opportunity to withdraw his pleas; and ( 4) if the Court rejects this Agreement and the Defendant's plea in this case are not withdrawn, the Court may dispose of this case less favorably toward the Defendant than contemplated in this Agreement, including imposing any sentence up to the statutory maximum set forth for the offenses to which the Defendant pleads guilty.

R. 56, Plea Agreement at 2-3, ¶¶ 4-5.

The government cites cases to the Court that consistently hold:

> Because forfeiture and restitution serve distinct goals, a defendant generally has no right or entitlement to use forfeited funds to satisfy an additional restitution obligation. Put another way, amounts that are forfeited by a defendant to the United States are not typically available to pay whatever criminal monetary penalties are imposed upon that defendant.

*United States v. O'Connor*, 321 F. Supp. 2d 722, 729 (E.D. Va. 2004), see also *United States v. Navarette*, 667 F.3d 886, 887-88 (7th Cir. 2012); *United States v. Browne* , 505 F.3d 1229, 1281 (11th Cir. 2007).   Cf. *United States v. Boring*, 557 F.3d 707 (6th Cir.2009):

> Forfeiture and restitution are distinct remedies. Restitution is remedial in nature, and its goal is to restore the victim's loss. Forfeiture, in contrast, is punitive; it seeks to disgorge any profits that the offender realized from his illegal activity. Given their distinct nature and goals, restitution is calculated based on the victim's loss, while forfeiture is based on the offender's gain.

*Boring*, at 714.[2]

---

2 The Court notes that one action may serve two goals.   In this case, restoring the fruits to the victim simultaneously disgorges from the offender profits realized from his illegal activity.

Defendant counters that it simply was not the understanding of the parties that Defendant was going to pay a total of $125,000 restitution and forfeit an additional $125,000. Indeed, the draft plea agreement that the parties provided to the Court at a conference prior to the plea, did not refer to "forfeiture money judgment" in its paragraph 4, but rather, both paragraphs 4 and 5 referred to "restitution." Which is to say, there was no ambiguity in the draft provided in advance to the Court. No one brought to the Court's attention changes to the draft.

Indeed, at the hearing to accept the plea agreement, the Court warned defendant that he was agreeing to the "imposition of a period of incarceration not to exceed 36 months in duration," Plea Transcript at 32, ll. 20-21, "three years of supervised release," Id. at 33m ll. 11-12, and "forfeiture...money judgment in the amount of $125,000 payable in full to the United States Secret Service not later than 21 days following the entering of the plea." Id. at 33, ll. 14-15. There was no discussion of a second $125,000 payment. The government did not bring the misunderstanding to the Court's attention.

In short, at best, neither the Court nor Defendant understood the plea agreement to envision $125,000 of restitution and forfeiture in the amount of $125,000.

The Court finds that the government is correct in contending that Plea Agreement on the Docket at 56 demands the payment of $125,000 restitution and a separate forfeiture judgment of $125,000. The Court further finds that neither Defendant nor the Court shared this understanding.

Therefore, should Defendant so choose, the Court will allow him to withdraw his plea. "[I]t is error to deny leave to withdraw the plea when it was entered because of misunderstanding of its effect or because of misrepresentation." *Ward v. United States*, 116 F.2d 135, 136-37 (6th Cir. 1940). Should Defendant choose this option, the Court will endeavor to return the parties to

4

the *status quo ante* in every respect. *McGee v. Higgins*, 2007 WL 2822748, *6 (W.D. Okla. 2007) ("A petitioner who chooses to withdraw his original plea...is placed back in the same position he was in prior to plea negotiations.") (citations omitted); see also *United States v. Rucker*,133 Fed. App'x 187, 193 (6th Cir. 2005).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 30, 2013.

                                            s/Thomas M. Rose
                                       _____
                                          THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE